IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEREMY PRICKETTE, et al.       )
                               )
v.                             ) NO. 3-12-1267
                               ) JUDGE CAMPBELL
ROGER C. LIND, M.D., et al.    )

MEMORANDUM

Pending before the Court is Plaintiffs' Motion to Remand (Docket No. 12). For the reasons stated herein, Plaintiffs' Motion is GRANTED, and this action is remanded to the Circuit Court for Montgomery County, Tennessee.

FACTS

Plaintiffs originally filed this action in the Circuit Court for Montgomery County, Tennessee, in March of 2006, raising claims arising from the death of the Plaintiffs' son shortly after birth and the permanent impairments of his twin sister. Docket Nos. 1, 1-1. The case was removed to this Court by Defendants Roger C. Lind, M.D., Doug Hong, M.D., and Radiology Associates, P.C.[1] on December 5, 2012, after the Plaintiffs filed a "Second Amended Original Complaint" in state court. Id. Plaintiffs' Second Amended Original Complaint alleges the following causes of action: (1) negligence of Defendants Roger C. Lind, M.D., Doug Hong, M.D., and ultrasonographer/radiology tech Christina Huff; (2) negligence of Defendants Radiology Associates, P.C., Gateway Health System, Inc., and Gateway Medical Center; (3) gross negligence and/or reckless conduct of these Defendants; and (4) fraud and misrepresentation. Docket No. 1-18.

---

[1] Defendants Gateway Health Systems, Inc. And Gateway Medical Center did not join in the Notice Of Removal. Docket No. 1. *See* 28 U.S.C. § 1446(b)(2)(A); *Loftis v. United Parcel Service*, 342 F.3d 509, 516 (6th Cir. 2003).

The Notice of Removal is based on the fraud and misrepresentation claim. Docket No. 1. The Defendants contend that the allegations of fraud are directed at Tricare, a health program of the United States Government, and therefore, the claim falls under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"), over which the federal courts have exclusive jurisdiction. Id. Defendants further argue that 28 U.S.C. § 1441(c) requires removal of the entire case. Id.

Plaintiffs have moved to remand this action to state court because, they contend, this Court has no subject matter jurisdiction as the fraud and misrepresentation claim is based solely on Tennessee state fraud laws and may not be brought under the FCA. Docket Nos.12, 13. Plaintiffs also argue that the FCA statute of limitations has expired, and that certain FCA filing requirements have not been met.

The fraud and misrepresentation claim provides as follows:

> 7.1 All previous paragraphs are hereby re-alleged as if they were fully restated herein.
>
> 7.2. The Defendants, individually and collectively, represented that Amy Prickette's ultrasound was read and interpreted by a Physician Radiologist, meaning that the Physician Radiologist actually looked at each of the images and wrote a report based on what was actually on the images. However, instead of looking at the actual images generated by the radiology tech, the Physician Radiologists (Roger C. Lind, M.D., and/or Doug Hong, M.D.) prepared the Radiology Final Report using information obtained solely from the written 'Final Patient Report' for each twin (prepared by the radiology tech Christina Huff). The Physician Radiologists (Roger C. Lind, M.D., and/or Doug Hong, M.D.) never looked at the actual radiology images prior to preparing the Radiology Final Report. In addition, the Physician Radiologists (Roger C. Lind, M.D., and/or Doug Hong, M.D.) never looked at the actual radiology images prior to electronically signing the December 14, 2004, Ultrasound Report, certifying that he has read the report and it is correct.
>
> 7.3 Defendants, Roger C. Lind, M.D., Doug Hong, M.D., and Radiology Associates, P.C., billed a United States governmental entity, Tricare, for reading and interpreting a complete ultrasound on Amy Prickette, when they knew that they had never looked at the actual radiology images prior to preparing the Radiology Final Report.

7.4 On December 13, 2004, when the obstetrical ultrasound was performed, one of Amy Prickette's twins was anencephalic (without a scalp, without a vault of the cranium, without meninges, without either brain hemisphere and without a cerebellum). Anencephaly should always be diagnosed after 14 weeks gestation.

7.5 Defendants, Roger C. Lind, M.D., Doug Hong, M.D., and Radiology Associates, P.C., claim that neither physician radiologist mis-read the ultrasound images that clearly showed one twin without a scalp, without a vault of the cranium, without meninges, without either brain hemisphere and without a cerebellum, when such condition should always be diagnosed after 14 weeks gestation. Defendants, Roger C. Lind, M.D., Doug Hong, M.D., and Radiology Associates, P.C., committed fraud when they charged for work they did not perform and gave medical advice on work they charged for but did not perform.

7.6 Defendants, individually and collectively, and its agents, made numerous representations to Plaintiffs as set forth above. Defendants' representations were known to be false when made or made recklessly without knowledge of the truth and were made as positive assertions. Defendants, individually and collectively, made material misrepresentations to the Plaintiffs or failed to disclose material facts to Plaintiffs concerning Defendants' intentions, their agreements and the above-mentioned facts as well as others.

7.7 Defendants, individually and collectively, intended that Plaintiffs rely to its detriment and injury upon the false statements and impressions of fact being made, and on the presumption that no material facts of the contrary existed. Plaintiffs relied to their detriment upon the false statements and impressions of fact purposely created by Defendants. As a result, Plaintiffs have been damaged in an amount within the jurisdictional limits of the Court.

Docket No. 1-18, at 14-15.

## REMOVAL AND REMAND

Federal law provides that any civil action brought in state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). In determining whether a complaint arises under federal law, the Court must apply the "well-pleaded complaint" rule. *Roddy v. Grand Trunk Western RR, Inc.,* 395 F.3d 318, 322 (6th Cir. 2005). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint. Id. The well-pleaded complaint rule recognizes that the plaintiff is the master of his complaint. Id. Accordingly, if the plaintiff chooses to bring a state law claim, that claim cannot generally be "recharacterized" as a federal claim for the purpose of removal. Id. As the party seeking to litigate in federal court, the Defendants bear the burden of establishing the existence of subject matter jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

The Defendants argue that the case is removable under the "substantial-federal-question doctrine" because the Plaintiffs' fraud claim necessarily depends on construction of federal law – the FCA. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555,565-68 (6th Cir. 2007). In order to establish removal is proper under this doctrine, the Defendants must show: (1) the state-law claim necessarily raises a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities. *Mikulski*, 501 F.3d at 568.

In this case, the Court finds it unnecessary to address the second and third element for application of the doctrine because the Defendants have not established the first element. The fraud claim alleges that the Defendants represented *to the Plaintiffs* that they had reviewed the ultrasound images when they actually reviewed a report on the images prepared by a radiology technician. Plaintiffs allege that the Defendants defrauded them by making representations, and giving medical advice, based on work for which they charged but did not perform. Plaintiffs allege that they relied on those representations and suffered damage as a result. Plaintiffs have not referred or cited to federal law in general, or the FCA in particular. As the Court reads the fraud claim, the reference to the Defendants billing of Tricare for reading the images when they had not done so is an effort to provide proof of a misrepresentation and to suggest the seriousness of the alleged

4

misrepresentation, rather than an effort to bring suit on behalf of the federal government to recover billing costs under the FCA. Plaintiffs' description of damages extends over four pages of the Second Amended Original Complaint and includes no request for recovery of the amount billed to Tricare or on behalf of the United States. Plaintiffs' fraud claim does not raise a disputed federal issue providing this Court with subject matter jurisdiction.

Defendants alternatively argue that the case is removable under the "complete preemption" doctrine because the FCA requires that actions be brought on behalf of the United States Government in federal court. *See* 31 U.S.C. §§ 3729, 3730. Even if the FCA is a statute requiring complete preemption, however, the Defendants have not shown that the Plaintiffs's state law fraud claim is actually an FCA claim or is brought on behalf of the United States. *See Roddy*, 395 F.3d at 323-24. Plaintiffs' fraud claim has not been brought under the FCA, does not require interpretation of the FCA, and does not request relief under the FCA. Therefore, there is no "complete preemption," and this Court has no subject matter jurisdiction over Plaintiffs' fraud claim.

CONCLUSION

For these reasons, Plaintiffs' Motion to Remand (Docket No. 12) is GRANTED, and this action is remanded to the Circuit Court for Montgomery County, Tennessee, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

5